## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR LEWIS, | ) |
| | ) |
| Plaintiff, | ) **C.A. No.:** |
| | ) |
| v. | ) |
| | ) |
| UNITED AUTO CREDIT | ) |
| CORPORATION, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

LAMAR LEWIS ("Plaintiff"), by and through his attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against UNITED AUTO CREDIT

CORPORATION ("DEFENDANT"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection

Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v.

Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant regularly conducts business in the Commonwealth of

Pennsylvania, thus, personal jurisdiction is established.

PLAINTIFF'S COMPLAINT

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19143.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant is a corporation with its principal place of business located at 1071 Camelback Street, #100, Newport Beach, CA 92660.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone.

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning in or around September 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone.

13.     Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

PLAINTIFF'S COMPLAINT

14.     Plaintiff knew that Defendant was using automatic telephone dialing system, automated message and/or prerecorded voice because the calls would begin with a recording before transferring the calls to live agents.

15.     Defendant's telephone calls were not made for "emergency purposes" rather, Defendant was attempting to contact Plaintiff to collect a debt

16.     It was annoying and harassing for Plaintiff to be called on his cellular telephone with such frequency.

17.     Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's callers in or around September 2015 when the calls first began to advise them he no longer wanted to be contacted, thereby revoking any consent that may have been previously given to Defendant to contact him on this number.

18.     Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

19.     However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone and continued to call Plaintiff on his cellular telephone through mid-October 2015.

20.     Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

PLAINTIFF'S COMPLAINT

**COUNT I**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

21.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

23.    Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24.    Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

25.    Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

26.    Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

27.    Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

28.    Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

29.    Defendant's calls to Plaintiff's cellular telephone after he revoked consent in September 2015 were not made with Plaintiff's prior express consent.

30.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LAMAR LEWIS, respectfully prays for a judgment as follows:

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LAMAR LEWIS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: May 1, 2017        By: /s/ Amy Lynn Bennecoff Ginsburg
                      Amy Lynn Bennecoff Ginsburg, Esq.
                      Kimmel & Silverman, P.C.
                      30 East Butler Pike
                      Ambler, PA 19002
                      Telephone: (215) 540-8888
                      Facsimile (215) 540-8817
                      Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT